IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| MAURICE JOHNSON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 1:16-cv-01240-STA-egb |
|  | ) |  |
| TAMMY FORD, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

ORDER GRANTING MOTION TO DISMISS,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Maurice Johnson, a Tennessee state prisoner, has filed a petition under 28 U.S.C. § 2254 seeking habeas corpus relief ("petition"). (Pet., ECF No. 1.) Before the Court is the motion of Respondent, Tammy Ford, to dismiss the petition as untimely. (Mo. Dismiss, ECF No. 15.) For the reasons that follow, the motion is **GRANTED**.

**BACKGROUND**

A Shelby County Criminal Court jury convicted Johnson of three counts of rape. *State v. Johnson,* No. W2011-01079-CCA-R3-CD, 2012 WL 12303688, at *1 (Tenn. Crim. App. May 29, 2012). The trial court merged the convictions and imposed an effective sentence of twenty years. *Id.* at *2. The Tennessee Court of Criminal Appeals ("TCCA") affirmed Petitioner's convictions on May 29, 2012. *Id.* at *7. Johnson did not file an application for permission to appeal to the Tennessee Supreme Court.

1

Petitioner signed his *pro se* petition for state post-conviction relief on November 27, 2012, and it was stamped "received" by the state court on January 2, 2013. (P-C Pet., ECF No. 14-11 at 13-23.) The post-conviction court denied the petition, and the TCCA affirmed. *Johnson v. State,* No. W2014-01982-CCA-R3-PC, 2015 WL 5005765, at *1 (Tenn. Crim. App. August 21, 2015), *app. den.* (Tenn. Dec. 10, 2015). On December 10, 2015, the Tennessee Supreme Court denied discretionary review. *Id.*

Johnson filed his § 2254 petition on September 1, 2016. (Pet., ECF No. 1.) He alleges that the evidence was insufficient to convict him and that his trial counsel rendered ineffective assistance in several respects. (*Id.* at 5, 7.)

## DISCUSSION

Respondent has moved to dismiss the petition on the ground that it was filed fifty-seven days after the limitations period expired. (Mo. Dismiss, ECF No. 15; Br. in Support of Mo. Dismiss, ECF No. 15-1 at 2.) Petitioner opposes dismissal, arguing that Respondent's limitations calculation is incorrect because she failed to exclude the time his post-conviction petition was pending. (Pet. Resp., ECF No. 16. at 1.) Johnson does not assert that he is entitled to equitable tolling of the limitations period. The Court finds that the petition is untimely.

A § 2254 petition is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

In this case, § 2244(d)(1)(A) applies, which means that Johnson had one-year from the date on which his judgment of conviction became final to file his habeas petition. Taking into account statutory tolling under 28 U.S.C. § 2244(d)(2), the last day Johnson could timely file his § 2254 petition was August 12, 2016.

The date is arrived at as follows. First, Petitioner's judgment of conviction became final on July 30, 2012. Johnson appealed his conviction to the TCCA but did not appeal to the Tennessee Supreme Court. His judgment of conviction thus became final when the time for appealing to the Tennessee Supreme Court expired, which was sixty days after the TCCA's decision on May 29, 2012. *See* Tenn. R. App. P. 11(b) ("The application for permission to appeal shall be filed with the clerk of the Supreme Court within 60 days after the entry of judgment of the . . . Court of Criminal Appeals."); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (a petitioner's judgment becomes final "when his time for seeking review with the State's highest court expire[s]."). Sixty days after May 29, 2012 was Saturday, July 28, 2012. Under Tenn. R. App. P. 21, if a deadline for filing falls on Saturday, Sunday, or legal holiday, the period will extend until the end of the next day that is not a Saturday, Sunday, or legal holiday, which in this case was Monday, July 30, 2012.

Second, the limitations period for Johnson's federal habeas claim began to run on July 31, 2012. The one-year statute of limitations for filing a federal habeas petition begins to run on

the day after the conviction of judgment becomes final. *Bronaugh v. Ohio*, 235 F.3d 280, 285-86 (6th Cir. 2000).

Third, the limitations period ran for one-hundred and nineteen days, and then was tolled from November 27, 2012, to December 10, 2015. The one-year limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending . . . ." 28 U.S.C. § 2244(d)(2). Giving Johnson the benefit of the prison mailbox rule, the state post-conviction petition was filed on November 27, 2012, the day he signed it. *See Goins v. Saunders,* 206 F. App'x. 497, 498 n. 1 (6th Cir.2006) (per curiam) (courts are to treat *pro se* prisoner complaints "as filed on the date [the prisoner] signed it.").[1] The Tennessee Supreme Court denied permission to appeal on December 10, 2015.

Finally, the last day of the limitations period was August 12, 2016. When the limitations "clock" resumed ticking the day after Johnson's state post-convictions proceedings concluded on December 10, 2015, two-hundred and forty-six days remained in the limitations period. Two-hundred and forty-six days later was August 12, 2016.

The Clerk of Court received Petitioner's federal habeas petition on September 1 2016. (Pet., ECF No. 1.) Johnson signed the petition but did not date his signature. The envelope in which the petition was mailed, however, is post-marked August 30, 2016. (Envel., ECF No. 1-2.) The Court considers the petition to have been filed on that date, which was eighteen days after the limitations period expired.

---

[1] It is not apparent from the state-court record why the post-conviction petition was stamped "received" by the state court on January 2, 2013, more than one month after Petitioner signed it. Respondent did not give Johnson the benefit of the mailbox rule, but instead used the January 2, 2013, date in its calculations. (*See* Br. in Support of Mo. Dismiss, ECF No. 15-1 at 4.)

The habeas claims are untimely and no grounds for equitable tolling are asserted that would excuse the late filing. The petition is therefore **DISMISSED**. Judgment shall be **ENTERED** for Respondent.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253 (c) (2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). If the district court rejects a claim on a procedural ground, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478.

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the petition as untimely. Because any appeal by Johnson does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. FED. R. APP. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal

would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.

    **IT IS SO ORDERED**.

                              **s/ S. Thomas Anderson**
                              S. THOMAS ANDERSON
                              CHIEF UNITED STATES DISTRICT JUDGE

                              Date  June 30, 2017.